IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 08-cv-02277-CBS-KLM

PEREGRINE COMMUNICATIONS, INC., a Colorado corporation,
        Plaintiff/Counterclaim Defendant,
v.

SECURENET, LLC, a California corporation,
        Defendant/Counterclaim Plaintiff,

---

## MEMORANDUM OPINION AND ORDER

---

This civil action comes before the court on Defendant/Counterclaim Plaintiff

SecureNet's failure to comply with court orders, the Local Rules of Practice for the United

States District Court for the District of Colorado, and the Federal Rules of Civil Procedure.

Pursuant to the Order and Order of Reference dated December 17, 2008 (doc. # 17), this

civil action was referred to the Magistrate Judge to "handle all dispositive matters including

trial and entry of a final judgment . . . "  The court has reviewed the entire case file, the

pleadings, and the applicable law and is sufficiently advised in the premises.


I.      Statement of the Case

        Peregrine Communications, Inc. ("Peregrine") filed the instant action on June 24,

2008, alleging, *inter alia*, breach of contract against SecureNet, LLC ("SecureNet"), and

that SecureNet owes it $82,938.88 for goods and services allegedly provided to SecureNet

by Peregrine, plus interest in the amount of 18% per annum, which was represented to be

$24,913 through February 27, 2009.  (*See* State Court Complaint (doc. # 2) at pp. 2,3 of

1

5; *see also* Courtroom Minutes/Minute Order (doc. # 39)).  SecureNet removed this action to the United States District Court for the District of Colorado, and filed counterclaims for, *inter alia*, breach of contract against Peregrine.  (*See* docs. # 1; # 3 at p. 10 of 14).

On February 6, 2009, Peregrine filed a "Motion to Compel Full and Complete Responses to its Discovery Requests to Defendant" (doc. # 22) and filed a "Supplement to Plaintiff's Motion to Compel" on February 17, 2009 (doc. # 29).  On February 17, 2009, the court granted in part and denied in part Peregrine's Motion to Compel.  (*See* Courtroom Minutes/Minute Order (doc. # 30)).  Counsel for SecureNet communicated the court's order to Securenet.  (*See* Courtroom Minutes/Minute Order (doc. # 32)). As of this date, SecureNet has not complied with the court's order regarding the discovery responses.

On February 12, 2009, counsel for SecureNet filed a "Motion for Permission to Withdraw as Counsel of Record" (doc. # 25).  On February 17, 2009, the court deferred the Motion pending a status conference on February 18, 2009, and explicitly ordered SecureNet to appear and participate in that conference.  (*See* Courtroom Minutes/Minute Order (doc. # 30)).  Counsel for SecureNet communicated the court's order to Securenet. (*See* Courtroom Minutes/Minute Order (doc. # 32)).

At the telephonic status conference on February 18, 2009, neither Securenet nor its principal, Derwin Cox, appeared.  Instead, Mr. Cox communicated with the court via e-mail to his counsel, indicating that he would no longer participate in the lawsuit.  (*See* docs. # 32; # 34-2).  The court allowed counsel for SecureNet to withdraw as counsel of record. (*See* Courtroom Minutes/Minute Order (doc. # 32)).

On February 19, 2009, the Magistrate Judge issued an Order to Show Cause (doc. # 36).  *See* D.C. COLO. LCivR 41.1 ("[a] judicial officer may issue an order to show cause

2

why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order").  The Order to Show Cause noted that pursuant to D.C. COLO. LCivR 83.3 D of the Local Rules of Practice for the United States District Court for the District of Colorado,

> a corporation, partnership or other legal entity . . . cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity.

The court also noted that "Securenet has been fully advised of its obligations in this lawsuit." (*See* doc. # 36 at p. 2 of 3).  The court directed SecureNet to show cause on or before Friday, February 20, 2009 why a default judgment or other sanctions should not be imposed against it for failure to comply with court orders and the Local Rules of the District Court for the District of Colorado by failing to appear at the February 18, 2009 hearing. (*See* doc. # 36).  The court further directed SecureNet to supplement its responses to interrogatories and requests for production as required by the court's order on February 17, 2009, and to appear at the February 27, 2009 hearing and all other future proceedings through counsel as required by D.C. COLO. LCivR 83.3 D.  (*See* doc. # 36).  The court's records indicate that SecureNet's copy of the Order to Show Cause was not returned in the mail as undeliverable.

SecureNet failed to appear at the February 27, 2009 hearing.  (*See* Courtroom Minutes/Minute Order (doc. # 39)).  As of this date, SecureNet has failed to respond to the court's Order to Show Cause and has failed to appear through counsel.

II.     Judgment by Default as Sanction

A.      Standard of Review

District courts may make schedules and set time limits, Fed. R. Civ. P. 16(b), and sanction attorneys and parties who disregard such orders, Fed. R. Civ. P. 16(f).  Sanctions may include entering a default judgment against a party.  Rule 16(f) specifically provides that if a party does not appear at a scheduling or pretrial conference, the judge may enter sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), which authorizes entry of a default judgment.   *See* Fed. R. Civ. P. 16(f) (expressly incorporating Fed. R. Civ. P. 37(b)(2)(A)(vi)).  The Local Rules of Practice for the United States District Court for the District of Colorado further authorize sanctions, including default judgment, for appearance of a corporation, partnership or other legal entity without counsel.  D.C. COLO. LCivR 83.3 D.  Judgment by default, although a harsh sanction, is contemplated by Rule 16(f) and D.C. COLO. LCivR 83.3 D.  *See, e.g., Hal Commodities Cycles Management Co. V. Kirsch*, 825 F.2d 1136, 1139 (7th Cir. 1987) (default entered against defendant for failure to respect court deadlines, participate in preparation of pretrial conference order, and appear at a status conference); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (default appropriate pursuant to Fed. R. Civ. P. 16(f) for failure to submit pretrial statement); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 37-38 (D.D.C. 2004) (granting motion for default judgment pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b) for failure to retain counsel) (citations omitted).

In determining whether entry of judgment by default is a just sanction, courts have considered such factors as:

(1) the extent of the party's personal responsibility; (2) the prejudice to the

adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Comdyne I, Inc. V. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990) (applying "the . . . general analysis in reviewing all sanction orders which deprive a party of the right to proceed with or defend against a claim, using some or all of the six-part test . . .") (quoting *Poulis v. State Farm and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). *See also S.E.C. v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992) (default judgment sanction may be permitted under Fed. R. Civ. P. 16(f) "only in the face of a clear record of delay or contumacious conduct") (internal quotation marks and citation omitted); *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987) (noting that Fed. R. Civ. P. 37(b) "authorize[s] default judgments against parties who fail to comply with court orders," and that district courts "may . . . impose sanctions on a party or a party's attorney who fail to obey a scheduling or pretrial order" under Fed. R. Civ. P. 16(f)).

A district court's dismissal of a party's counterclaim may also be appropriate pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), "which authorizes such a sanction against a party for failure to obey an order to provide or permit discovery." *Comdyne I*, 908 F.2d at 1147. *See also Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000) (upholding dismissal of a party's counterclaims under Fed. R. Civ. P. 37).

B.      Analysis

SecureNet failed to appear at both the February 18, 2009 and February 27, 2009 hearings, failed to comply with the court's Orders, the Local Rules of Practice for the United

States District Court for the District of Colorado, and Rule 16 of the Federal Rules of Civil Procedure, failed to respond to the court's Order to Show Cause, and failed to appear through counsel.

The record demonstrates that SecureNet is culpable for its conduct in this civil action. SecureNet has not communicated that its non-compliance with the orders and rules of this court was inadvertent or the result of inability to comply. In fact, Mr. Cox' representations to the court via e-mail to his counsel indicate that SecureNet has willfully refused to comply with its obligations in this lawsuit. (*See* doc. # 34-2). SecureNet was made aware of its obligations and has not requested any extension, demonstrated any need for an extension, or offered any explanation for its non-compliance.

SecureNet's dilatory behavior during the course of this lawsuit has caused Peregrine to expend time and money, such as preparing a Motion to Compel Discovery and its necessary supplements and making appearances at the hearings on February 17, 2009, February 18, 2009, and February 27, 2009. SecureNet's conduct in this case has also interfered with the judicial process. The court has spent judicial resources on setting, resetting, and monitoring this civil action. "[I]f a party 'could ignore court orders . . . without suffering the consequences, then the district court cannot administer orderly justice, . . .'" *EBI Securities Corp.*, 219 F.R.D. 642, 648 (D. Colo. 2004) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

As for the history of SecureNet's dilatoriness, SecureNet has not been diligent in responding to Peregrine's discovery requests, nor has SecureNet responded to Peregrine's Motion to Compel. (*See* Courtroom Minutes/Minute Order (doc. # 39)). The same day the court granted counsel for SecureNet's Motion to Withdraw, Mr. Cox sent counsel an e-mail

stating "[p]lease inform the court that SecureNet will no longer participate in this farce." (*See* docs. # 32; # 34-2).  A willful failure is "any intentional failure as distinguished from involuntary noncompliance.  No wrongful intent need be shown."  *M.E.N. Co.*, 834 F.2d at 872-73 (internal quotation marks and citation omitted).  SecureNet's disregard of the court's orders and rules and failure to retain counsel despite the court's clear warnings leads the court to conclude that SecureNet's conduct is willful and in bad faith.

SecureNet was fully warned of the possible sanctions for non-compliance with court orders and rules.  (*See* doc. # 36).  Further, "[t]he Federal Rules of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves."  *Hal Commodities Cycles Mgmt. Co.*, 825 F.2d at 1139.  There is no lesser sanction that is appropriate under the circumstances other than default judgment and dismissal of SecureNet's counterclaims.  The court's orders have not produced cooperation by SecureNet.  It would be pointless to impose any lesser sanction on SecureNet, which has already demonstrated willful bad faith in repeatedly disregarding the court's rules and orders and failing to participate in the case.

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."  *Poulis*, 747 F.2d at 869-70 (citations omitted).  The Complaint alleging, *inter alia*, breach of contract satisfies the requirement for pleading a meritorious claim.  Finally, Peregrine seeks attorneys' fees and costs under Fed. R. Civ. P.  37.  (*See* Courtroom Minutes/Minute Order (doc. # 39)).  "As a general rule, the imposition of sanctions . . . under [Rule 37] is a matter within the discretion of the trial court."  *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (internal quotations and citation

omitted). "[T]he court shall require the party failing to obey the [court] order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds . . . that other circumstances make an award of expenses unjust." *Ohio v. Arthur Anderson & Co.*, 570 F.2d 1370, 1375 (10th Cir. 1978) (quotations omitted) (upholding an award of reasonable attorneys' fees under Rule 37(b)). The court finds that Peregrine is entitled to reasonable attorney's fees and costs pursuant to Fed. R. Civ. P. 37(b)(2)(C). Peregrine shall submit a bill of costs, which the court will review in a separate order.

III.    Conclusion

In sum, judgment by default and dismissal of SecureNet's Counterclaims are appropriate sanctions pursuant to Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b)(2)(A)(vi), and D.C. COLO. LCivR 83.3 D.

Accordingly, IT IS ORDERED that:

1.    Judgment by default in the amount of $82,938.88 plus prejudgment interest at the contractual rate of 18% per annum plus attorney fees, costs, and post-judgment interest is entered as a sanction against Defendant SecureNet, LLC for: (1) failure to appear at the February 18, 2009 and February 27, 2009 hearings, (2) failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and (3) failure to respond to the court's Order to Show Cause.

2.    The Counterclaims alleged by SecureNet, LLC against Peregrine Communications, Inc. are DISMISSED WITH PREJUDICE for failure to prosecute and as

a sanction for SecureNet, LLC's: (1) failure to appear at the February 18, 2009 and February 27, 2009 hearings, (2) failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and (3) failure to respond to the court's Order to Show Cause.

3.      On or before April 30, 2009, Peregrine Communications, Inc. shall submit to the court: (1) the amount of prejudgment interest calculated up to and including the date of this Order; (2) an itemized bill and supporting affidavit(s) setting forth the reasonable attorney fees and costs incurred in bringing this action; and (3) a bill of costs to be taxed by the Clerk of the Court in the time and manner required by Fed. R. Civ. P. 54(d)(1).

DATED at Denver, Colorado, this 31st day of March, 2009.

BY THE COURT:


 s/Craig B. Shaffer                     
United States Magistrate Judge