IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02277-CBS-KLM

PEREGRINE COMMUNICATIONS, INC., a Colorado Corporation,
        Plaintiff/Counterclaim Defendant,
v.

SECURENET, LLC, a California Corporation,
        Defendant/Counterclaim Plaintiff.

---

ORDER FOR JUDGMENT

---

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court for entry of judgment pursuant to the

Amended Memorandum Opinion and Order dated April 1, 2009 (doc. #41) and on

Plaintiff/Counterclaim Defendant Peregrine's "Affidavit Regarding Pre-Judgment

Interest, Attorneys' Fees and Costs" (filed April 3,2009) (doc. #43), which seeks to

recover "prejudgment interest" and "reasonable attorneys' fees and costs incurred in

bringing this action."  On April 8, 2009, the court noted that its Amended Memorandum

Opinion and Order incorrectly directed Peregrine to submit "an itemized bill and

supporting affidavit(s) setting forth the reasonable attorney fees and costs incurred in

bringing this action."  (*See* Notice of Erratum (doc. #44)).  The court further advised  that

it would review Peregrine's Affidavit "with the limitation to the making of the Motion to

Compel." (*See* doc. #44; *see also* docs. #22; #29).

Pursuant to the Order and Order of Reference dated December 17, 2008 (doc.

#17), this civil action was referred to the Magistrate Judge to "handle all dispositive

1

matters including trial and entry of a final judgment . . . "  The court has considered

Peregrine's submissions, the entire case file and the applicable law, and is sufficiently

advised in the premises.  The court does not find that oral argument would materially

assist the court in resolving the pending issues.

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted, the

court must order the non-prevailing party to pay the reasonable expenses, including

attorney's fees, incurred in making the motion, unless "the opposing party's

nondisclosure, response, or objection was substantially justified" or "other

circumstances make an award of expenses unjust."  "[T]he limit of any sanction should

be that amount reasonably necessary to deter the wrongdoer."  *White v. General Motors

Corp.*, 908 F.2d 675, 685 (10th Cir. 1990).

Under Rule 37, the party seeking an award of fees and costs bears the burden of

demonstrating that the requested fees, and related hours, are reasonable.  *Cf. Ellis v.

Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (holding that a fee

applicant bears the burden of proof on the issue of "reasonableness").  In determining

the "reasonableness" of requested fees and costs, the trial court is vested with

considerable discretion and may properly rely on its own experience to estimate the

time reasonably required for the work claimed.  *See Fischer v. Sysco Food Services of

Cent. Ala.*, 2006 WL 2480166 *1 (M.D. Ala. 2006); *Spegon v. Catholic Bishop of

Chicago*, 989 F. Supp. 984, 988 (N.D. Ill. 1998).

Peregrine's Affidavit incorporates an hourly rate of $315.00 for Mr. Collins,

$240.00 per hour for Ms. Dotterer, and $120.00 per hour for Ms. Mason.  *See

Heavener v. Meyers*, 158 F. Supp. 2d 1278, 1285 (E.D. Okla. 2001) (citing *Ramos v.

2

*Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)) (in determining a reasonable hourly rate, the

court should consider, but is not necessarily bound by, the attorney's normal billing

rate).  Mr. Collins, Ms. Dotterer, and Ms. Mason have all provided a brief description of

their professional experience.  *See* D.C.COLO.LCivR 54.3 (requiring that any motion for

attorney fees "shall include for each person for whom fees are claimed . . . a summary

of relevant qualifications and experience").  Each person claims to have extensive

experience.  (*See* doc. #43).  In the context of a motion to compel, and in light of the

court's knowledge of fee awards in other reported cases in the United States District

Court for the District of Colorado, the court concludes that the hourly rates set forth in

Peregrine's Affidavit are reasonable.  *See Dewey v. Hewlett-Packard Co.*, 2007 WL

707462 (D. Colo. 2007) (Blackburn, J.) (concluding that reasonable hourly rates for lead

counsel with 16 years experience and his associate with nine years experience were

$300 and $175, respectively); *Lucas v. Kmart Corp.*, 2006 WL 2729260 (D. Colo. 2006)

(Kane, J.) (awarding attorney fees on a "conservative" hourly rate of $330 to class

counsel with 18 years of litigation experience).

   In calculating fee awards, it is generally recognized that a prevailing party must

make a "good-faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

*See also Ellis*, 163 F.3d at 1202 (noting that while counsel for the prevailing party must

exercise billing judgment, the "district court has a corresponding obligation to exclude

hours not 'reasonably expended' from the calculation").  The court sees no reason to

depart from that standard in awarding reasonable fees and costs under Rule

37(a)(5)(A).  In this case, the court concludes that some of counsel's time entries are

3

not sufficiently related to the Motion to Compel and should be excluded.

The court will exclude all time entries before February 2, 2009 because they are not sufficiently related to the Motion to Compel, and will likewise exclude any entries after February 27, 2009 for the same reason. (*See* doc. #43-3). Additionally, the court finds that the following time entries from February 2, 2009 through February 27, 2009 are not sufficiently related to the Motion to Compel: the .4 hours billed by Ms. Dotterrer on February 9, 2009; the .2 hours billed by Mr. Collins on February 10, 2009 regarding a "[t]elephone conference with opposing counsel regarding their plan to file [a] motion to [withdraw]" and an e-mail prepared to the client about that matter; the 1.3 hours bills by Mr. Collins on February 18, 2009; the .2 and .4 hours billed by Mr. Collins on February 19, 2009. (*See* doc. #43-3 at pp. 8-11). *Cf. Mosaid Techs. Inc. v. Samsung Electronics Co.*, 224 F.R.D. 595, 598-99 (D.N.J. 2004) (refusing to award fees for work that likely would have been performed in the absence of a discovery dispute, although tangentially related to the sanctions motion). *See also Primex, Inc. v. Visiplex Technologies, Inc.*, 2006 WL 538992, *3 (W.D. Wis. 2006) (declining to award attorneys fees for time spent completing tasks that would have been performed regardless of whether a motion to compel was filed); *Creative Resources Group of N.J., Inc. v. Creative Resources Group, Inc.*, 212 F.R.D. 94, 104 (E.D.N.Y. 2002) (holding that a party could not recover fees under Rule 37 for work that would have been incurred in the course of normal discovery). Thus, for the relevant time period, the court finds that time entries reasonably related to the Motion to Compel and the fees associated therein amount to $3,385.50.

Peregrine has also submitted a list of "Costs" associated with this matter for the

4

court's consideration.  (*See* doc. #43-3 at pp. 12-13).  The court finds that these costs are neither described nor sufficiently related to the Motion to Compel, and will disallow Peregrine from recovering these expenses.  *See Davis v. United States*, 887 F. Supp. 1387, 1389 (D. Colo. 1995) (awarding costs for items such as "photocopies," "mileage," and "Westlaw research" only where those costs were described sufficiently and were reasonable).

Finally, at the court's request, Peregrine supplied a summary of pre-judgment interest, calculated at a contractual rate of 18% per annum.  (*See* doc. #43-2).  The court finds that Peregrine is entitled to the stated amount of $26,202.20.   The court also finds that Peregrine is entitled to post-judgment interest at the current federal judgment rate of .60 percent (%).

Accordingly, IT IS ORDERED that judgment pursuant to the court's April 1, 2009 Amended Memorandum Opinion and Order is entered in favor of Plaintiff Peregrine Communications, Inc. and against Defendant SecureNet, LLC in the amount of $82,938.88 plus prejudgment interest in the amount of $26,202.20, plus attorneys' fees in the amount of $3,385.50, plus post-judgment interest to accrue at the current federal judgment rate of .60 percent (%).

DATED at Denver, Colorado this 21st day of April, 2009.

BY THE COURT:


  s/Craig B. Shaffer          
United States Magistrate Judge